IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLIPPER PIPE & SERVICE, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE OHIO CASUALTY INSURANCE CO. | : | |
| and CONTRACTING SYSTEMS, INC. II | : | NO. 12-5831 |

<u>ORDER</u>

AND NOW, this 12th day of August, 2015, upon consideration of the parties' responses to our July 30, 2015 Order that they advise the Court as to the applicability of <u>Cresci Construction Services, Inc. v. Martin</u>, 64 A.3d 254 (Pa. Super Ct. 2013), to our January 14, 2014 Amended Judgment in favor of Clipper Pipe & Service, Inc. ("Clipper Pipe") in the amount of $149,890.12, plus interest and penalties at the statutory rate, and the Court finding that:

(a)  At issue before us is whether to award pre-judgment and post-judgment interest to the $149,890.12 award that the defendants have already paid and, if so, as to what portion of that award and for what period;

(b)  On October 12, 2012, Clipper Pipe sued Contracting Systems, Inc. II ("CSI") and its surety, the Ohio Casualty Insurance Company ("Ohio") for $149,890.12, of which $59,238.62 was indisputably owed to Clipper Pipe, and we granted Clipper Pipe's motion for partial summary judgment as to that sum on November 20, 2013, <u>see</u> November 20, 2013 Order;[1]

(c)  We also held that Pennsylvania's Contractor and Subcontractor Payment Act ("CASPA") applied to this contract;

(d)  After a two-day trial in January of 2014, the jury found in Clipper Pipe's favor as to the remaining $90,651.50, and the defendants thereafter appealed our CASPA holding to our

---

[1] CSI had withheld the remaining $90,651.50, claiming it incurred additional expenses as a result of delays it alleged Clipper Pipe caused.

Court of Appeals, which in turn certified the question to the Pennsylvania Supreme Court;

(e) On June 15, 2015, the Pennsylvania Supreme Court held that CASPA did not apply to public works projects because the term "owner", defined as a "person who has an interest in the real property that is improved and who ordered the improvement to be made," was limited by the statute's definition of "person": "[a] corporation, partnership, business trust, other association, estate, trust foundation or a natural individual", Clipper Pipe & Service, Inc. v. Ohio Cas. Ins. Co., 115 A.3d 1278, 1279 (Pa. 2015) (citing 73 Pa. Stat. § 501 et seq.);

(f) Now, in response to our July 30, 2015 Order, plaintiff contends that it is owed an additional $17,237.36 in prejudgment interest at the statutory rate of 6% through January 14, 2014 on the full amount of our Amended Judgment, and an additional $300.75 in post-judgment interest at the weekly Treasury yield rate of .13% pursuant to 28 U.S.C. § 1961 on $107,888.86, which represents the contract balance plus prejudgment interest, Pl. Br. at 2, 3;

(g) The defendants argue that (1) Clipper Pipe should not be permitted to seek a damages remedy different from the claim it unsuccessfully pursued under CASPA, (2) if we award prejudgment interest, it should only be interest on the undisputed $59,238.62 we awarded in November of 2013, (3) Ohio cannot be held liable for prejudgment interest under the terms of its bond, and (4) they offer calculations of their own on the principal amounts at issue, Defs. Br. at 1-7;

(h) To begin with, Clipper Pipe's complaint sought relief in four counts, including a breach of contract count separate from its CASPA claim, see Complaint at Count I (breach of contract) and Count III (CASPA violation), and, therefore, the damages remedy Clipper Pipe seeks now is not the only damages remedy plaintiff has sought, contrary to the defendants' contention;

(i) "[A] nonbreaching party to a contract may recover, <u>as</u> <u>damages</u>, interest on the amount due under the contract; again, this Court refers to such interest as prejudgment interest," <u>TruServ Corp. v. Morgan's Tool & Supply Co., Inc.</u>, 39 A.3d 253, 263 (Pa. 2012) (emphasis in original;

(j) The Pennsylvania Supreme Court explained that

> The purpose of awarding interest as damages is to compensate an aggrieved party for detention of money rightfully due him or her, and to afford him or her full indemnification or compensation for the wrongful interference with his or her property rights. The allowance of interest as an element of damages is not punitive, but is based on the general assumption that retention of the money benefits the debtor and injures the creditor[,]

<u>id.</u> (internal citation omitted);

(k) As the Pennsylvania Superior Court explained in <u>Cresci</u>, the Restatement (Second) of Contracts, which Pennsylvania follows, determines the circumstances under which prejudgment interest is mandatory and where a court has discretion to award such interest:

> (1) If the breach consists of a failure to pay a definite sum in money or to render a performance with fixed or ascertainable monetary value, interest is recoverable from the time for performance on the amount due less all deductions to which the party in breach is entitled.
> (2) In any other case, such interest may be allowed as justice requires on the amount that would have been just compensation had it been paid when performance was due[,]

64 A.3d at 259 (quoting Restatement (Second) of Contracts § 354(1) and (2) (1981)), and therefore our first task is to identify the nature of the breach;

(l) Recovery of prejudgment interest is a matter of law in Pennsylvania where the disputed amount is ascertainable in the contract, <u>id.</u>;

(m) "For over a century it has been the law of this Commonwealth that the right to interest upon money owing upon contract is a legal right. That right to interest begins at the time

3

payment is withheld after it has been the duty of the debtor to make such payment," Fernandez v. Levin, 548 A.2d 1191, 1193 (Pa. 1988) (internal citations omitted);

(n) The obligation to pay for performance arises on the date of completion, see General State Authority v. Loffredo, 328 A.2d 886 (Pa. Cmwlth. Ct. 1974);

(o) In this matter, that ascertainable amount is unquestionably the $59,238.62 we awarded Clipper Pipe on November 20, 2013, as neither party disputed that the defendants owed that sum to Clipper Pipe;

(p) We will therefore award Clipper Pipe interest at the statutory rate on $59,238.62 from February 22, 2012, when Clipper Pipe submitted its Application for Payment to CSI, to November 20, 2013, the date of the judgment -- or $6,203.01;[2]

(q) Section 354 also provides that we may at our discretion award interest on losses incurred as a consequence of a breach of a promise to pay, see Cresci, 64 A.3d at 262 (quoting TruServ, 39 A.3d at 264) ("even where the terms of a contract do not expressly provide for the payment of interest, a nonbreaching party has a legal right to recover interest, as damages, on a definite sum owed under the contract"); see also Restatement (Second) of Contracts § 354 comment d;[3]

---

[2] We apply the statutory rate pursuant to 41 P.S. §§ 101 et seq. from the beginning of the period, at the annual rate of six percent. See In re Estate of Braun, 650 A.2d 73, 79-80 (Pa. Super. Ct. 1994). We used the simple interest calculator available at http://www.pine-grove.com/online-calculators/simple-interest-calculator.htm (last accessed on August 12, 2015)

[3] Restatement (Second) of Contracts § 354 comment d specifies

> Damages for breach of contract include not only the value of the promised performance but also compensation for consequential loss. The amount to be awarded for such loss is often very difficult to estimate in advance of trial and cannot be determined by the party in breach with sufficient certainty to enable him to make a proper tender. In such cases, the award of interest is left to judicial discretion, under the rule stated in Subsection (2), in the light of all

(r)     The defendants contend that the factual dispute over the remaining $90,651.50 renders it unascertainable and therefore not subject to prejudgment interest, Defs. Br. at 1, 2;

(s)     Not so, as our Court of Appeals explained in <u>Trustees of Univ. of Pennsylvania v. Lexington Ins. Co.</u>, 815 F.2d 890, 908 (3d Cir. 1987) (affirming a district court award of prejudgment interest at the statutory rate following a jury verdict in favor of an insured against its excess carrier);

(t)     "The mere fact that parties dispute the amount does not prevent it from being ascertainable by reference to a standard fixed in the contract.  Indeed, the mere fact that a jury reduces an amount claimed under a contract does not mean the obligation was previously unliquidated," <u>id.</u> (internal citations omitted); <u>see also</u> <u>J. Purdy Cope Hotels Co. v. Fidelity-Phoenix Fire Ins. Co.</u>, 191 A. 636 (Pa. Super. Ct. 1937) (awarding prejudgment interest against an insurer from the day the insured presented a clear statement of property lost in a fire, notwithstanding a bona fide dispute about the amount of the claim);

(u)     It is well-established that, when a jury award is not sufficiently definite to give the prevailing party a right to interest, we may award interest at our discretion "in light of all the circumstances," Restatement (Second) of Contracts § 354 comment d; <u>see also</u> <u>Hussey Metals Div. of Copper Range Co. v. Lectromelt Furnace Div. McGraw Edison Co.</u>, 417 F. Supp. 964 (W.D. Pa. 1976) (Pennsylvania permits compensation for delay in payment when a party is "forced to protect himself by litigation");

(v)     Here, the jury determined that the defendants wrongfully withheld the remaining $90,651.50;

---

> the circumstances, including any deficiencies in the performance of the injured party and any unreasonableness in the demands made by him.

5

(w) We additionally observe that the defendants failed to pay the $59,238.62 we awarded Clipper Pipe on November 20, 2013 until January 14, 2014 thereby depriving the plaintiff of prejudgment interest to which it was entitled on that amount and did not pay the jury verdict of $90,651.50 until January 27, 2014 -- nearly two weeks after the verdict in plaintiff's favor, see Defs. Br. at 7;

(x) We therefore exercise our equitable power pursuant to Section 354(2) and find that justice requires Clipper Pipe to receive interest at the statutory rate on the remaining $90,651.50 to compensate it for detention of money rightfully due it, and to afford it full compensation for the wrongful interference with its property rights, see TruServ, 39 A.3d at 263;

(y) Interest on that remaining sum totals $10,311.92 from February 22, 2012 (the date of the breach) to January 14, 2014 (the date of the judgment);

(z) Prejudgment interest therefore totals $16,514.93;[4]

(aa) Post-judgment interest runs from the "date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield. . . [to] be computed daily to the date of payment," 28 U.S.C. § 1961 (a) and (b);

(bb) The parties agree that rate is .13%, but dispute the relevant dates;

(cc) Post-judgment interest on $59,238.62 between November 20, 2013 and January 14, 2014 is $11.60 and post-judgment interest on $90,651.50 between January 14 and January 27, 2014 is $4.20, for an additional $15.80;[5]

(dd) Finally, the defendants argue -- and the plaintiff does not contest -- that only CSI is liable for the award of interest because the contract between Clipper Pipe and CSI does not

---

[4] We observe that the plaintiff and defendants used slightly different start and end points, which accounts for the slight differences between our calculations and theirs.

[5] Again, see http://www.pine-grove.com/online-calculators/simple-interest-calculator.htm (last accessed on August 12, 2015).

provide for recovery of prejudgment interest or any other damages and Ohio's payment bond issued pursuant to the Miller Act covers the "total amount payable by the terms of the contract," Defs. Br. at 6 (quoting 40 U.S.C. § 3131(b)(2));

(ee)     The defendants argue that the Supreme Court's holding in F.D. Rich Co. v. United States ex rel. Indus. Lumber Co., 417 U.S. 116, 126 (1974), that the Miller Act does not provide for attorney's fee awards should be stretched to encompass an award of prejudgment interest, id. at 5 ("the extent of a bonding company's liability cannot be extended beyond the plain language of the Miller Act");

(ff)     We do not read F.D. Rich so broadly;

(gg)     As the Supreme Court explained, the principal reason for not reading in an award of attorney's fees absent a contractual provision to that effect was its reluctance to "judicially obviate the American Rule in the context of everyday commercial litigation," 417 U.S. at 130, a concern absent from an award of prejudgment interest;

(hh)     Defendants also urge us to rely on U.S Fidelity and Guar. Corp. v. Braspetro Oil Servs., 369 F.3d 34 (2d Cir. 2004), where the Second Circuit held a surety liable for prejudgment interest under a New York statute that imposes such an obligation, and they argue that Pennsylvania has no such statute, id.;

(ii)     Again, we are not persuaded;

(jj)     Federal law governs attorney's fee awards under the Miller Act, see F.D. Rich, 417 U.S. at 127; see also United States for use of Olson v. W.H. Cates Constr. Co., 972 F.2d 987, 990 (8th Cir. 1992);

(kk)     But state law controls the interpretation of Miller Act subcontracts and surety bonds to which the United States is not a party, see United States ex rel. Bldg. Rentals Corp. v.

7

Western Cas. & Sur. Co., 498 F.2d 335, 338 n. 4 (9th Cir. 1974);

(ll) With respect to Pennsylvania law, Roman Mosaic and Tile Co. v. Thomas P. Carney, Inc., 729 A.2d 73 (Pa. Super. Ct. 1999) is instructive;

(mm) There, a surety argued, as here, the trial court erred in awarding interest to a subcontractor "on the grounds that the terms of its bond limits its obligation to 'materials furnished, equipment or machinery rented, services rendered by public utilities, and labor supplied or performed in the prosecution of the work,'" 729 A.2d at 79;

(nn) The Superior Court held that assertion "runs counter to well-established case law" in the Commonwealth, id. (citing Fort Pitt Bridge Works v. Continental Cas. Co., 240 A.2d 493, 494 (Pa. 1968) (holding that when a surety bond permits recovery by a contractor for "such sums as may be justly due," prejudgment interest may be molded into a verdict));

(oo) It is also well-established that under the plain language of the Miller Act, a provider of labor and materials can recover all sums justly due under the contract and is entitled to be paid in full, see Taylor Constr. Inc. v. ABT Service Corp. Inc., 163 F.3d 1119, 1122 (9th Cir. 1998);

(pp) Congressional intent that "labor and materials" includes "sums justly due" survives the recent change in statutory language:

> Before 2002, the relevant provision of the Miller Act was located at 40 U.S.C. § 270b(a), and stated that a deserving Miller Act plaintiff "shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the *sum or sums justly due* him" (emphasis added). In 2002, the Miller Act was moved from 40 U.S.C. § 270a et seq. to 40 U.S.C. § 3131 et seq. and its language was altered. The above provision now reads: "... may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due." 40 U.S.C. § 31331(b)(1) (emphasis added).

>Section 5(b)(1) of the 2002 act states that the act made no substantive change in the law and may not be construed as having done so. . . . despite the removal of the "sums justly due" language [.]

<u>United States ex rel. SCCB, Inc. v. P. Browne & Assoc., Inc.</u>, 751 F. Supp. 2d 813, 819 n. 7 (M.D.N.C. 2010); and

(qq)     Accordingly, we will decline to release Ohio from its joint and several liability for all sums due to Clipper Pipe under the surety bond, including pre- and post-judgment interest;

It is hereby ORDERED that:

1.      Our January 14, 2014 Amended Judgment in favor of Clipper Pipe and against defendants CSI and its surety, Ohio, in the amount of $149,890.12, is AMENDED to include the payment to plaintiff of prejudgment interest in the amount of $16,514.93 and post-judgment interest in the amount of $15.80;[6] and

2.      By noon on August 17, 2015, the defendants shall REMIT the sum of $16,530.73 to plaintiff.

BY THE COURT:


\_/s/ Stewart Dalzell, J.
Stewart Dalzell, J.

---

[6] Clipper Pipe does not seek penalties or attorney fees, nor is it entitled to either pursuant to the Pennsylvania Supreme Court's June 15, 2015 decision.